1997 ND 130

**In the Matter of the Petition for
Return to Active Status of
Gene M. HAUGEN.**

No. 970141.

Supreme Court of North Dakota.

July 16, 1997.

**ORDER FOR RETURN TO
ACTIVE STATUS**

By Supreme Court Order dated January 22, 1988, Gene M. Haugen was voluntarily placed on disability inactive status on the grounds that he was incapacitated from continuing the practice of law by reason of addiction to controlled substances or intoxicants. The Order specifically provided that Mr. Haugen be transferred to disability inactive status until a determination is made of his capacity to continue to practice law in a proceeding instituted in accordance with the North Dakota Rules for Lawyer Discipline, (NDRLD).

On May 14, 1996, Gene M. Haugen filed a Petition for Transfer to Active Status. Several letters in support of Mr. Haugen's Petition were filed, as well as a Supplemental Affidavit by Haugen in Support of his Petition. Under, Rule 5.2(B), NDRLD, an independent medical examination was requested and completed by Dr. Ronald M. Burd, psychiatrist. A hearing was held on April 9, 1997, before a three-member Hearing Body of the Disciplinary Board, in which Mr. Haugen and Disciplinary Counsel were presented witnesses, exhibits and arguments regarding the Petition.

Following hearing, the Hearing Body filed its Report containing findings and recommendations. The Hearing Body found that Dr. Burd, an independent medical examiner, and Dr. Hewitt, Mr. Haugen's treating psychiatrist, agreed the disability under which Mr. Haugen was transferred to disability inactive status has been removed; however, since the disability, alcoholism, is merely in remission, reinstatement must be subject to conditions and supervision designed to prevent the disability from re-occurring and to protect the public. The Hearing Body further found that attorneys who testified in support of the Petition indicated that Mr. Haugen's return to active status should include a condition of supervision for an extended time; that Mr. Haugen had complied with requirements for restitution to be paid to individuals damaged as a result of his disability; and that Mr. Haugen is qualified to practice law on a probationary basis subject to conditions. The Hearing Body recommended that Mr. Haugen be returned to active status on a probationary basis for a period of five (5) years subject to specific conditions regarding mandatory attendance at Alcoholics Anonymous; reasonable random drug testing; continued treatment by a psychiatrist; appointment of a supervising attorney; malpractice insurance coverage in the amount of $300,000; and payment of all costs incurred in connection with the Petition, with periodic reports on the conditions being filed with the Clerk of the Supreme Court.

Following consideration, the Disciplinary Board approved and accepted, with minor modifications, the Report of the Hearing Panel, and set the amount of costs and expenses to be assessed at $4,390.15. The Disciplinary Board's Report was submitted

to the Supreme Court for its consideration under Rules 5.2 and 3.1(G), NDRLD. No objections to the Report of the Disciplinary Board were filed by Mr. Haugen or Disciplinary Counsel. The Court considered the matter, and

**ORDERED**, that the Report of the Disciplinary Board is accepted, as further modified by the Court, and Gene M. Haugen is Returned to Active Status in the Bar of the State of North Dakota on a probationary basis for a period of five years subject to the following conditions:

1. Mandatory Alcoholics Anonymous attendance at least 3 times weekly with confirmation of such attendance signed by the chairperson of the meeting and filed with the Clerk of the Supreme Court at least monthly with copies to Disciplinary Counsel.

2. Reasonable mandatory random drug testing without notice at petitioner's expense to be scheduled by Disciplinary Counsel. Receipt by the Supreme Court of any verifiable proof that Gene M. Haugen is again drinking alcoholic beverages or using non-prescription drugs, will be cause for immediate transfer to disability status under Rule 5.1, NDRLD.

3. Continued treatment by a psychiatrist, including the use of antabuse as indicated in the judgment of the treating psychiatrist, with reports filed with the Clerk of the Supreme Court every six (6) months and copies to Disciplinary Counsel.

4. Appointment of an individual attorney to monitor, evaluate and report whether Gene M. Haugen should again be transferred to disability status as a result of the re-occurrence of his disability or his qualifications to practice law, with reports of the individual attorney filed at least monthly with the Clerk of the Supreme Court with copies to Disciplinary Counsel. Prior to return to active status, Gene M. Haugen must provide the name of any individual attorney willing to act in the capacity of a supervisor during the five year period following reinstatement to active status, with the Court to order such attorney to act in a supervisory capacity.

5. Coverage by a malpractice insurance carrier for professional errors and omissions coverage in at least a minimum amount of $300,000 per occurrence, and to furnish a certificate of such insurance annually to the Clerk of the Supreme Court with copies to Disciplinary Counsel.

6. Gene M. Haugen shall be required to pay all costs incurred in connection with his Petition for Return to Active Status in the amount of $4,390.15.

Notwithstanding the requirements of filing of reports with the Clerk of the Supreme Court, Disciplinary Counsel has the responsibility of monitoring Mr. Haugen's compliance with all the above conditions.

/s/ Gerald W. Vande Walle
Gerald W. Vande Walle
Chief Justice

/s/ Herbert L. Meschke
Herbert L. Meschke
Justice

/s/ William A. Neumann
William A. Neumann
Justice

/s/ Dale V. Sandstrom
Dale V. Sandstrom
Justice

/s/ Mary Muehlen Maring
Mary Muehlen Maring
Justice